IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| S & S DETROIT, LLC.<br>8002 Detroit Avenue<br>Cleveland, Ohio 44102<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>Administrative Review Branch<br>1320 Braddock Place, Room 5042<br>Alexandria, Virginia 22314<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br>JUDGE<br><br><br><br><br>COMPLAINT FOR REVIEW<br>OF FINAL AGENCY ACTION<br>AND FOR TRIAL DE NOVO |

1. This is an appeal from a final decision made by a federal administrative agency. This Honorable Court's jurisdiction over the subject matter of this administrative appeal is conferred by 7 U.S.C. §2023 (a)(13), 5 U.S.C. §702, and 28 U.S.C. §1331. Plaintiff is entitled to a trial de novo in this case pursuant to 7 U.S.C. §2023 (a)(15). Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that plaintiff conducts its business in this District and the subject matter of the final agency action from which plaintiff appeals arose in this District.

2. Plaintiff S & S Detroit, LLC. ("S & S") is a limited liability company that has been duly created and is duly operating under the laws of the State of Ohio. S & S's principal place of business is located at 8002 Detroit Avenue, Cleveland, Ohio 44102. S &S is engaged in the business of operating a convenience market.

3. Defendant United States Department of Agriculture ("Agriculture") is an administrative agency duly created and duly operated by the federal government. Agriculture has an office located at Administrative Review Branch, 1320 Braddock Place, Room 5042, Alexandria, Virginia 22314.

4. At all times material to this action, Agriculture has administered and operated a program known as the Supplemental Nutrition Assistance Program ("SNAP"). Pursuant to SNAP, also known as the "Food Stamp Program," Agriculture provides eligible lower income persons credits with which to purchase food items. Agriculture regulates the individuals who are eligible to have the benefits afforded by SNAP, and determines what vendors may participate in SNAP.

5. S & S has participated in SNAP as a vendor for many years. A large segment of S & S's clientele are food stamp recipients. S & S's as an approved SNAP vendor is critical to the success of S & S's business. On or about February 27, 2018, March 8, 2018, and March 15, 2018, agents of the Federal Nutrition Service ("FNS"), proceeding undercover, entered S & S's convenience market. Those agents were seeking to determine whether S & S violated SNAP rules and regulations prohibiting customers to use food stamps to purchase or sell certain products.

6. SNAP rules and regulations prohibit participants from using food stamps to purchase certain commodities. On the dates set forth above, the FNS undercover agents tried to use

food stamps to purchase certain prohibited commodities from S & S. In each attempt by uncover FNS agents to induce S & S to violate SNAP rules and regulations prohibiting the use of food stamps to purchase certain products, S & S refused to permit the FNS agents to purchase any unauthorized products with food stamps. That "sting" operation by FNS designed to induce S & S to violate SNAP rules and regulations was a complete failure.

7. SNAP rules and regulations also prohibit entities authorized to accept food stamps from customers from permitting said customers to run tabs and to use food stamps rather than cash to settle those tabs. In or about May 2018 FNS agents returned to S & S's convenience market. That visit by FNS agents was allegedly prompted by an assertion by an unidentified female that she had been permitted by S & S to run a tab and settle that tab with food stamps. During the course of the May 2018 visit, the FNS agents confiscated various documents that indicated that S & S permitted customers to run tabs. S & S did permit customers to run tabs but adamantly denied that it accepted food stamps to settle those tabs. S & S insisted that it accepted only cash to settle customer tabs. The FNS agents, on the day of their visit and without investigating or analyzing the documents they had seized from S & S, issued a violation notice to S & S.

8. Subsequent investigation into, and analysis of the seized documents confirmed that S & S did not accept food stamps to settle customer tabs. Nonetheless on August 14, 2020, Agriculture issued a decision finding that S & S violated SNAP rules and regulations by permitting customers to use food stamps to settle tabs. In that August 14, 2020 decision, a copy of which is attached hereto as Exhibit A, Agriculture imposed a penalty on S & S. Agriculture decided that it would disqualify S & S from participating in SNAP for a period

of one year. Agriculture's August 14, 2020 decision provided that said ruling and the penalty it imposed would be final unless S & S filed a timely request for review.

9. On or about August 20, 2020, S & S filed a timely written request for review with Agriculture. A copy of S & S's request for review is attached hereto as Exhibit B. On January 13, 2021, Agriculture issued a final agency decision affirming the ruling made on August 14, 2020 which ruling disqualified S & S from participating in SNAP for one year. A copy of Agriculture's January 13, 2021 final agency decision is attached hereto as Exhibit C. If Agriculture's January 13, 2021 final agency decision is permitted to stand, the one year disqualification from SNAP would be catastrophic for S & S.

10. The final agency decision by Agriculture finding that S & S violated SNAP rules and regulations regarding the use of food stamps to settle customer tabs, and disqualifying S & S from participating in SNAP for one year is not supported by "substantial evidence." In fact, Agriculture's final agency decision is not supported by any evidence. Agriculture's final agency decision is arbitrary and capricious and constitutes an abuse of agency discretion by Agriculture. S & S is entitled to a judicial review of Agriculture's final agency decision through a trial de novo before this Honorable Court. A trial de novo will show that Agriculture's final agency decision finding that S & S violated SNAP rules and regulations regarding the use of food stamps to settle customer tabs, and disqualifying S & S from participating in SNAP for one year are not legally warranted, and must be reversed.

WHEREFORE, S & S requests this Honorable Court to conduct a trial de novo and, based on the evidence developed at that trial de novo, order that Agriculture's final agency decision that S & S violated SNAP rules and regulations, and disqualifying S & S from participating in SNAP for one

year be reversed; and to grant S & S judgment against Agriculture for the costs of this action including the reasonable attorney fees incurred by S & S in the prosecution of this action.

                              Respectfully submitted,

                              <u>s/Sam A. Zingale</u>
                              Sam A. Zingale 0033410
                              3043 Superior Avenue
                              Cleveland, Ohio 44114
                              Telephone:  (216) 696-7170
                              Facsimile:   (216) 696-8070
                              Attorney for Plaintiff